LOVELL v. SEYBOLD MACH. CO.

(Circuit Court of Appeals, Second Circuit. March 16, 1909.)

No. 149.

1. PATENTS (§ 234*)—INFRINGEMENT—IDENTITY OF MACHINES.

The claims of a patent should cover only what the patentee has in fact invented, and not what he imagines he has invented; and the inventor of a practical working machine will not be held to have infringed a prior patent for an unsuccessful machine, which added nothing of substantial value to the art, merely because the language of its claims is broad enough to include the successful structure.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 234.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 328*)—INFRINGEMENT—BOOK-TRIMMING MACHINES.

The Lovell and Bredenberg patent, No. 490,877, and the Lovell and Williamson patent, No. 734,907, each for a book-trimming machine, construed, and *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 159 Fed. 736.

Complainant appeals from a decree dismissing the bill in an action of infringement founded upon two letters patent numbered, respectively, 490,877 and 734,907, for book-trimming machines. The Circuit Court held that the claims involved were not infringed.

A. G. N. Vermilya, for appellant.

Grafton McGill (Alfred M. Allen and Melville Church, of counsel), for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The principal controversy relates to claims 3, 4, 5 and 9 of the patent to Lovell and Bredenberg granted January 31, 1893, for a book-trimming machine. The specification describes an automatic feeder consisting of an endless chain or ladder carrying successive crossbars or pushers for engaging the books singly and feeding them one by one to the cutters. This is the method which the patentees regard as the distinguishing feature of their invention. What they considered to be a distinct disadvantage and wished to avoid was the old method of placing the books or pamphlets in a deep pile and subjecting the pile to the action of the cutters. They say in the specification:

"This method of trimming is defective in that the books at the top of the pile are cut to a smaller size than those at the bottom by reason of the effect of the clamp, which holds the pile, and which in coming down invariably draws the upper portion of the pile away from the gauge. The operation is also unduly expensive by reason of the numerous manipulations necessary, whereby the labor cost is rendered considerable."

It is this defective method, which the complainants abandoned, that Charles Seybold, president of the defendant, undertook to improve with the result that he has produced an ingenious, complicated and highly efficient machine which cuts deep piles of books with neatness and accuracy and marks an important advance in the art. Although it is probable that this machine would trim the pamphlets and single books described in the Lovell method it is absolutely certain that the Lovell machine could not trim the pile of books of the Seybold machine.

Seybold discarded the old endless feed machines, of which the Lovell and Bredenberg machine is a type, and proceeded to improve upon that class of machines of which the mechanism shown in the Withey patent of June 15, 1880, is a type. Here the pile of books or signatures is clamped on the cutting base, when a table rotates a quarter of a turn to a position where the ends of the pile are trimmed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

169 F.—19

by two parallel knives; while making this cut the operator places a second pile on the table as before and after a second turn the first pile will come on the third parallel knife which completes it, and so on with the succeeding piles.

But one machine was made under the complainant's 1893 patent, it was never a commercial success and was abandoned. The patent has added nothing of practical value to the art whereas the defendant's machine has been an unquestioned success. The claims must be construed in the light of the contribution which the patentees made to the art. They should hold whatever of value they have added provided it involved invention to make the addition. It would, however, be grossly unfair to compel the builder of a practical working machine to pay tribute to one who has added nothing of substantial value to the art, simply because the language of his claims is broad enough to include the successful structure. Claims should cover what the patentee has invented and not what he imagines he has invented.

But one claim, the eleventh, of letters patent No. 734,907 is involved. It is as follows:

"In a cutting machine, a plate carrier mounted to move laterally and in turn supporting a clamping bar, and a knife carrier, together with means for holding said plate carrier in different lateral positions."

We agree with the defendant's expert in thinking that this claim is not infringed. He says:

"I do not find in the defendant's machine any part which answers at all to the term 'plate carrier' as used in the claim, nor do I find in the defendant's machine any parts which correspond to the clamping bar and knife carrier as called for by said claim. The adjustable brackets, the lower portions of which carry the cutting edges, are in no sense the plate carriers of the Lovell & Williamson patent, as the plate carrier of said patent is designed as a part having ways in which the clamping frame and knife carriers are mounted to reciprocate vertically. The claim obviously does not refer to a structure consisting simply of a strong base to which a cutting edge or knife is rigidly clamped or secured, and a pressure bar which moves in unison with the knife until the work is engaged, and always moves in the same direction as the knife, but the claim must be read in view of the specification and disclosure in the patent, and by referring to the latter we find that all of the elements set forth in the claim are of a specific character, each having characteristics which warrant the use of the rather unusual descriptive terms of the claim."

The decree is affirmed with costs.