## WHITLOCK COIL PIPE CO. v. MAYO RADIATOR CO.

(District Court, D. Connecticut. May 26, 1919.)

PATENTS ⬅328—INFRINGEMENT—APPARATUS FOR COOLING WATER—CIRCULAT-
ING SYSTEM.

> The Brinkman patent, No. 843,864, for apparatus for cooling one fluid
> by another, particularly the cooling of water pipes by means of air pass-
> ages between them, *held* not infringed.

In Equity. Suit by the Whitlock Coil Pipe Company against the
Mayo Radiator Company. Decree for defendant.

Harrie E. Hart, of Hartford, Conn., for plaintiff.
Franklin G. Neal, of New Haven, Conn., for defendant.
Darby & Darby, of New York City, for Virginius S. Mayo.

MANTON, Circuit Judge. The application was filed the 29th of
January, 1903. Letters patent were granted February 12, 1907. The
pleadings raised the issue of noninfringement and invalidity. The
patent refers to the invention as an apparatus for effecting the cool-
ing of one fluid by the application of another and cooler fluid, such
as a cooling of air by water, or of water by air; the condensation of
steam by either air or water. In the patent, the patentee says:

> "That portion of the apparatus to which my invention relates, in common
> with other and similar apparatus, comprises a series of air tubes surrounded
> with water passages forming part of a water-circulating system, by which
> the water which has become heated by its contact with the cylinder will lose
> its heat, and by its contact with the air tubes, through which, in order to in-
> crease the efficiency of the apparatus, the currents of air are caused to move."

By this the patentee acknowledges that there was in the prior art
cooling apparatus, comprising air tubes which are surrounded with
water passages forming a part of the water-circulating system, the
water of which has become heated, and which loses its heat by con-
tact with air tubes; the cooling action being rendered more efficient
by causing air currents to move through the tubes. The patentee
further says that his invention simplifies the construction, decreases
the weight, and reduces the cost of this class of refrigerating appara-
tus, and at the same time increases its efficiency. These are the ob-
jects he wishes to accomplish, and he asserts that he succeeds by
constructing the section from a continuous strip of sheet metal, and
the metal is crimped or corrugated, so that, when the corrugated
sheet is bent or returned upon itself at regular intervals, the corruga-
tions will match and form the opposite sides of a tubular space for the
passage of air. He says:

> "I corrugate the sheet at every alternate interval in opposite directions, in
> order that every alternate fold of the sheet will produce a narrow continuous
> serpentine passage, through which water may flow in a thin layer, in contact
> on both sides with the walls of the air tubes."

The method of construction, as stated in the specifications, would
indicate one continuous corrugated metal sheet, avoiding corners, and

having a serpentine passage for the water. The series of air tubes arranged in a vertical row are formed by and between adjacent water space units by reason of the contacts at intervals of the oppositely disposed corrugations and the opposite surfaces of adjacent units. The construction of plaintiff's device consists of corrugating or crimping a continuous sheet, which is bent sharply and returned upon itself, with the corrugations of the two legs or plies of the fold coinciding with each other, thereby forming the first serpentine water passage as a physical unitary portion of the structure. These plies, when there are a sufficient number as required, make up the first unit portion of the structure. The plies form folds or bends in a continuous sheet, and are brought into contact and soldered together; the tips of the bent sheet embracing this member are soldered at the bottom of the upper water chamber, and likewise the lower end of the section, into the lower water chamber.

The plaintiff sues on all its claims. Claim 1 defines a combination of three elements, the upper water chamber, the lower water chamber, and the interposed refrigerating section. The refrigerating section consists of a continuous sheet of metal doubled upon itself in a series of folds, with the ends of the folded sections attached to the water chambers and inclosing a series of restricted water chambers, which connect at the ends of the folds with the water chambers.

Claim 2 refers to the same structural features and specifies a continuous strip having offset edges; the one corrugated fold being separated from its companion ply by the offset edges to thereby form the serpentine passage between them.

Claim 3 contains the same structural features, but does not require the sheet of metal to be a continuous strip. It does require the air passages to be formed by the contacts of the inclosing walls of the air passage units.

The defendant's device does not construct its water passages as structural units. The air passage columns constitute the structural units of its radiators. The water passages are incident to the assembly of the air space column. The defendant's structure embodies a greater number of strips, and greater number of joints to form the strips; they form the refrigerating section. It does not employ a continuous strip of corrugated sheet metal, doubled upon itself in a series of folds, with the ends of folded sections attached to the water columns, to make up the refrigerating sections. The folded sections are referred to by the plaintiff as sections of a continuous strip of sheet metal. The defendant's water passages are unrestricted, in that they are of equal cross-section from top to bottom, at the inlet and at the outlet. The water passages are not so shaped as to retard or restrict the flow of water, as the plaintiff's water passages are.

The defendant's structure does not employ the feature of the claim found in the words of the patent in the series of parallel air passages between the water passages and transversely thereto and therefrom by the contact of such inclosing walls. The defendant's structure forms water passages as straight walls from the top to the bottom; that is, vertical and parallel. If the inclosing walls of the defendant's

structure were brought in contact, they would close up all the air passages; but, to form the air passage, it has means to space the vertical straight inclosing walls of the water passage apart. They do not contact. Therefore the fins, comprising metal, in addition to the straight inclosing wall, are provided, as shown in defendant's structure. These fins permit a distinct mode of operation, and the heat exchange between fluids. The radiation is referred to in defendant's device as half direct and half indirect, for the fins are not in contact with the water, nor are they inclosing walls. They, in defendant's device, form the air passages. In practice and in construction, the complainant does not make a continuous sheet, but makes a series of sheets, which, when put together, might be considered a continuous sheet.

In other words, there has never been made, with any commercial success, a structure which conforms to the specifications and claims in suit. It would· be unfair to claim that the defendant's device infringes the plaintiff's device, when the latter has added no substantial value to the art. To sustain the claim of infringement would be to interpret the language of the claim as broad enough to include a successful structure. Claims should cover what the patentee has invented, and nothing more. Lovell v. Seybold Machine Co., 169 Fed. 288, 94 C. C. A. 578.

The general combination of an upper and lower water chamber in a refrigerating section, interposed between, and connecting at its ends with, the chambers, were common in the art of coolers, condensers, and radiators prior to the date of the Brinkman patent. All that may be said to be invention by the Brinkman patent was in the intermediate refrigerating section. But Brinkman does not claim as his invention the refrigerating section, but claims the combination of elements of which the refrigerating section is only one. Therefore, so far as the claimed combination is concerned, it makes no difference whether one of its elements is new or old; the combination remains the same. The plaintiff has failed to establish infringement.

Decree for defendant.